IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MINNESOTA

| | |
|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, | ) ) ) Civil No. 0:13-cv-1516 (JRT/LIB) |
| Plaintiff, | ) |
| and | ) ) **CONSENT DECREE** |
| CHRISTINE FELLMAN-WOLF, | ) ) |
| Plaintiff-Intervenor, | ) |
| v. | ) ) |
| ROYAL TIRE, INC. | ) ) |
| Defendant. | ) |

## INTRODUCTION

Plaintiff Equal Employment Opportunity Commission (hereinafter the "EEOC") has instituted this action alleging that Defendant Royal Tire, Inc. (hereinafter, "Royal Tire") discriminated against Christine Fellman-Wolf ("Fellman-Wolf") in violation of the Equal Pay Act of 1963 ("EPA") and Title VII of the Civil Rights Act of 1964 ("Title VII") by paying Fellman-Wolf at a rate less than it paid her male predecessor.

In reaching this Consent Decree, the EEOC and Royal Tire, acting by and through their counsel, engaged in arms' length negotiations and a significant exchange of information. The parties have obtained sufficient information to assess reliably the relative merits of the claims and defenses. Throughout this process, the EEOC and Royal Tire were represented by counsel knowledgeable in this area of the law.

THEREFORE, upon the consent of the parties, and upon review by the Court of

1

these terms, it is

ORDERED, ADJUDGED, and DECREED that the following terms are approved as set forth herein:

**I.     JURISDICTION**

This Court has jurisdiction over the parties and the subject matter of this action.

**II.    FINDINGS**

A.     The purposes of Title VII and the EPA, and the public interest, will be furthered by the entry of this Decree.

B.     The terms of this Decree constitute a fair and equitable settlement of this action.

**III.   SCOPE**

The EEOC agrees that it will not bring any further claim against Royal Tire based on the charge underlying this lawsuit. By entering into this Decree the parties do not intend to resolve any charges of discrimination currently pending before the EEOC other than the charge that created the procedural foundation for the complaint in this case, and the EEOC does not waive or in any manner limit its right to process or seek relief in any other charge or investigation.

**IV.   DEFINITIONS**

As used herein, "Royal Tire" shall include all of Defendant's Minnesota operations or locations, during the term of this Decree.

**V.    TERM**

A.     The Term of this Decree and all obligations hereunder shall be three (3)

years from the Effective Date hereof. The Effective Date hereof shall be the date that the District Court approves this Consent Decree.

  B. During the term of the Consent Decree, the Court shall retain jurisdiction of this cause for purposes of compliance and any disputes that may arise hereunder.

**VI.** **INJUNCTION**

  A. Royal Tire and its officers, agents, management (including supervisory employees), successors and assigns, and all those in active concert or participation with them, or any of them, are hereby enjoined from discriminating based upon sex in violation of Title VII.

  B. Royal Tire and its officers, agents, management (including supervisory employees), successors and assigns, and all those in active concert or participation with them, or any of them, are hereby enjoined and from paying lower wages to employees of one sex than are paid to employees of the opposite sex, where those employees' duties are equal in skill, effort and responsibility and such duties are performed under the same or similar working conditions, if such lower wages are in violation of the EPA.

  C. Royal Tire and its officers, agents, management (including supervisory employees), successors, assigns and all persons acting in concert with it shall not engage in any form of retaliation against any person because such person has opposed any practice made unlawful under Title VII or the EPA, filed a Charge of Discrimination under Title VII or the EPA, testified or participated in any manner in any investigation, proceeding, or hearing under Title VII or the EPA, or asserted any rights under this Decree.

**VII.   POLICIES AND TRAINING**

    A.    Within ninety (90) days after the Effective Date hereof, Royal Tire will review all positions in its workforce and determine whether any employees are being paid at a rate less than that being paid to employees of the opposite sex for the performance of duties requiring the same skill, effort and responsibility, which duties are performed under the same or similar working conditions, except as permitted by the EPA.  In the event this review reveals any pay disparity that would violate the EPA, Royal Tire will immediately remedy the disparity by increasing the salary of the lower paid employee.

    B.    Within sixty (60) days after the Effective Date hereof, Royal Tire will review any workplace policies relating to the setting of wages and revise any policies inconsistent with Title VII or the EPA.

    C.    On an annual basis, Royal Tire will train all of its management personnel on Title VII, relating to discrimination on the basis of sex, and the EPA. The training shall also include information about federal law prohibitions on retaliation against employees for participation in protected activity. The training may also include information about other laws prohibiting discrimination and harassment in the workplace and about Royal Tire's workplace diversity policies.  An agenda for the training, training materials, and the resumes relating to the presenters, will be provided to the EEOC thirty (30) days after each training session.  The first annual training shall total no less than two hours, which may be presented as one two-hour training session or a series of training sessions.  Each subsequent annual training shall total no less than one hour, which may be presented in a block or as two thirty-minute training sessions.

  D. On an annual basis, Royal Tire will train all of its employees on their rights as employees to be free from discrimination and retaliation under Title VII and the EPA. Such training shall orient employees to Royal Tire's workplace diversity policies and the process for making complaints about workplace conditions, discrimination or harassment. This training shall total no less than one hour.  This training may be combined with the training required by Section VII.C.

  E. The EEOC shall be notified of the time and date of each scheduled training at least ten (10) days prior to the training date.   One EEOC representative will be entitled to attend all training sessions held pursuant to this Decree as a silent observer.

## VIII. POSTING TO EMPLOYEES

  A. Royal Tire shall post and cause to remain posted the posters required to be displayed in the workplace by EEOC regulation 29 C.F.R. §1601.30 in all its facilities.

  B. Royal Tire shall post the Notice attached as Exhibit A in each of its facilities.  Such notices shall be posted in locations where notices for employees are generally posted, and shall remain in place for the term of this Decree.  Royal Tire shall take steps to ensure that the posted Notice remains unobscured and, during the term of this Decree, will replace any damaged or defaced Notices.

## IX. RECORDKEEPING AND REPORTING

  A. Royal Tire will comply with all recordkeeping obligations under the laws prohibiting discrimination.  For the duration of this Decree, Royal Tire shall document, and retain all documents associated with, any complaint of discrimination on the basis of sex or pay discrimination under the EPA whether or not such complaint results in the

filing of a charge of discrimination.

  B. Within thirty (30) days after completing the review required by Section VII.A. of this Decree, Royal Tire shall report to the EEOC that the review has been completed and provide a report detailing the steps it has taken to remedy any pay disparities found as a result of the review.

  C. On an annual basis during the term of this Decree, Royal Tire shall submit to the EEOC a certification of compliance with this Decree, including that it has conducted the training of its personnel as required by this Decree. After the first report to the EEOC, Royal Tire's subsequent annual reports shall document any further revisions or changes to its workplace policies and describe how such revisions are consistent with Title VII.

  D. On a annual basis, Royal Tire shall provide the EEOC with a list of all complaints of discrimination on the basis of sex or pay discrimination made during that period with a description of the allegation made, including: (1) the name of the complaining party; (2) a description of the facts of the complaint; and (3) a description of Royal Tire's actions in response to the complaint. Upon the EEOC's request, Royal Tire shall make the underlying documents or records available to the EEOC within ten (10) days of request.

**X. MONETARY REMEDY**

  A. Royal Tire agrees to pay $182,500 to Fellman-Wolf in resolution of this matter within ten (10) days after the Effective Date hereof, and to provide notice of its payment to Fellman-Wolf to the EEOC.

B.     Fellman-Wolf's execution of the release attached as Exhibit B will be a condition precedent of her receipt of relief under this Decree.

## XI.  NOTIFICATION OF SUCCESSORS

The terms of this Consent Decree shall be binding upon the present and future directors, officers, managers, agents, successors and assigns of Defendant Royal Tire. During the term of this Decree, Defendant, and any successors of Defendant, shall provide a copy of this Decree to any organization or person who proposes to acquire or merge with Defendant during the term of this Decree, or any successor of Defendant, prior to the effectiveness of any such asset sale, acquisition or merger. This paragraph shall not be deemed to limit any remedies available in the event of any finding by the Court regarding violation of this Decree.

## XII.  DISPUTE RESOLUTION

The EEOC will give Royal Tire ten (10) business days notice of any alleged non-compliance with the terms of the Decree before initiating enforcement actions under this Decree. If Royal Tire has not remedied the alleged non-compliance or has not satisfied the EEOC that it has complied with the Decree at the end of that period, the EEOC may apply to the Court for appropriate relief. The dispute resolution proceedings in this Section do not apply to those cases where the EEOC has determined the need to seek immediate injunctive or other extraordinary relief.

## XIII.  COMPLIANCE REVIEW

The EEOC may review Royal Tire's compliance with the aforementioned provisions of this Decree during the term of this Decree upon written notice to Royal

Tire's attorney of record at least five (5) business days in advance of any inspection of Royal Tire's documents or premises. Upon such notice, Royal Tire shall allow representatives of the EEOC to review Royal Tire's compliance with this Decree by inspecting and photocopying relevant, non-privileged documents and records, interviewing employees and management officials on its premises, and inspecting its premises.

### XIV.  COSTS AND ATTORNEYS FEES

Each party shall bear that party's own costs and attorney's fees.

Dated:  July 31, 2014           s/John R. Tunheim
                                John R. Tunheim
                                United States District Judge

| | |
|---|---|
| ROYAL TIRE, INC.<br><br>BY CONSENT:<br><br>MEAGHER & GEER, PLLP<br><br><br>By: s/Mary M.L. O'Brien<br>Mary M.L. O'Brien (#177404)<br>Margaret R. Ryan (#0331181)<br>33 South Sixth Street, Suite 4400<br>Minneapolis, MN 55402<br>Telephone: (612) 338-0661<br>Facsimile: (612) 338-8384<br>E-mail: mobrien@meagher.com<br>E-mail: mryan@meagher.com<br><br><br>ATTORNEYS FOR DEFENDANT | EQUAL EMPLOYMENT OPPORTUNITY COMMISSION<br><br>P. David Lopez<br>General Counsel<br><br>James L. Lee<br>Deputy General Counsel<br><br>131 M Street, NE, 5th Floor<br>Washington, D.C. 20507<br><br><br>s/John C. Hendrickson<br>John C. Hendrickson<br>Regional Attorney<br><br><br>s/Jean P. Kamp<br>Jean P. Kamp<br>Associate Regional Attorney<br><br>Chicago District Office<br>500 West Madison Street, Suite 2800<br>Chicago, Illinois 60661<br>Telephone: (312) 869-8116<br>jean.kamp@eeoc.gov<br><br><br>s/Jessica A. Palmer-Denig<br>Jessica A. Palmer-Denig (#0298281)<br>Trial Attorney<br><br>Minneapolis Area Office<br>330 Second Avenue South, Suite 720<br>Minneapolis, Minnesota 55401<br>Telephone: (612) 334-4010<br>Facsimile: (612) 335-4044<br>jessica.palmer-denig@eeoc.gov<br><br>ATTORNEYS FOR PLAINTIFF |

**EXHIBIT A**
**NOTICE TO EMPLOYEES**

This Notice is posted pursuant to a Consent Decree resolving a lawsuit in which the United States Equal Employment Opportunity Commission ("EEOC") alleged that Royal Tire, Inc. ("Royal Tire") violated Title VII of the Civil Rights Act of 1964 and the Equal Pay Act of 1963.

The Consent Decree resolving this lawsuit provides a monetary settlement and requires training for Royal Tire personnel on Title VII, which is the law prohibiting discrimination on the basis of sex, and the Equal Pay Act, which mandates equal pay for men and women for equal work.  The Consent Decree mandates regular reporting to the EEOC.

Royal Tire shall comply with Federal law that prohibits discrimination against any employee or applicant for employment because of the individual's sex and will comply with the Equal Pay Act in compensating its employees.

Royal Tire also will not retaliate against any person who opposes a practice made unlawful under Title VII or the EPA, who filed a charge of discrimination under Title VII or the EPA, or who participated in proceedings or asserted rights under Title VII or the EPA, or under the Consent Decree.

If you have a question about the Consent Decree, you should contact the Minneapolis office of the EEOC at 612-335-4040. You can find out more about the EEOC and the laws that it enforces by going to http://www.eeoc.gov.


        s/John R. Tunheim_____
        John R. Tunheim
        United States District Judge

# EXHIBIT B

# RELEASE AND WAIVER

In consideration for $182,500 paid by Royal Tire, Inc. in connection with the resolution of *EEOC and Fellman-Wolf v. Royal Tire, Inc.,* Civil No. 0:13-cv-1516-JRT-LIB, I waive the right to recover for any claims of discrimination under Title VII of the Civil Rights Act of 1964 and the Equal Pay Act 1963 that were the subject of the EEOC lawsuit.


Date: _____    Signature: _____
                                                       Christine Fellman-Wolf